UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HELOISE HAMBRICK,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-07-S-1046-NE** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Heloise Hambrick commenced this action on June 5, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) improperly evaluated the opinions of Dr. S. Aggarwal, Dr. David McCord, and Dr. Ernest Hendrix, claimant's treating physicians, and (2) improperly considered her subjective complaints of pain. Upon review of the record, the court concludes these contentions are without merit.

The ALJ did not err when considering the opinions of Dr. Aggarwal, Dr. McCord, and Dr. Hendrix. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept the conclusory assessment of *any* medical provider that a claimant is disabled, as the determination of disability is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(e).

Dr. Aggarwal, a pain management specialist, stated the following in a letter dated December 29, 2005:

> [Claimant's] diagnosis is chronic neck pain secondary to disc disease with cervical radiculopathy. She is status post operative intervention and has developed chronic pain syndrome requiring long term narcotic medication maintenance.
>
> Her limitations should be to not lift greater than 20 pounds, no overhead activity, no working around dangerous or moving machinery. Sitting, standing, walking as tolerated.
>
> In my opinion, the nature of her pain and the sedative effects of the narcotics preclude her from gainful employment.
>
> It is my opinion that her condition will last at least 12 months if not longer.[1]

Dr. Aggarwal later assessed plaintiff with a ten-pound restriction on lifting, pushing, and pulling.

The ALJ assigned great weight to Dr. Aggarwal's assessment of claimant's functional abilities, including lifting, pushing, pulling, working around machinery, working overhead, sitting, standing, and walking.[2] The ALJ's conclusion was supported by substantial evidence, as Dr. Aggarwal's assessments were consistent with his own medical records, as well as with the limitations imposed by Dr. McCord.

On the other hand, the ALJ assigned no weight to Dr. Aggarwal's opinion that claimant was precluded from working due to pain and the "sedative" effects of

---

[1]Tr. at 199.
[2]Tr. at 26.

3

narcotic medications.[3]  This conclusion also was supported by substantial evidence. As discussed more fully below, the medical records — including Dr. Aggarwal's treatment notes — do not reflect evidence of disabling pain, and plaintiff repeatedly denied experiencing side effects from her medication.[4]

Dr. McCord performed cervical fusion surgery on claimant in November of 2004.  He continued to treat claimant following the surgery, and he completed a Medical Status Form on September 15, 2005.  He indicated that, due to her neck problems, claimant should avoid lifting more than ten pounds, and she should not work more than eight hours per day, or forty hours per week.  Dr. McCord noted that he would reevaluate claimant's condition after three months.[5]  On October 11, 2005, Dr. McCord noted that claimant was "improving and continues to be able to perform all of her [daily activities] and she is able to work." He planned to continue following claimant's condition "on a conservative basis."[6]  Dr. McCord completed another Medical Status Form on April 13, 2006.  He again opined that claimant should lift no more than ten pounds.  He also checked a blank space next to the phrase "will be unable to return to work for . . .", but did not indicate a time period.  Instead, he

---

[3]Tr. at 26-27.
[4]Tr. at 198-209, 245-49.
[5]Tr. at 215.
[6]Tr. at 211.

referenced a handwritten note stating that claimant "continues to remain off work. She continues to recover from cervical spine surgery. Return to work status will be re-evaluated at return visit."[7] The ALJ afforded great weight to Dr. McCord's opinions that claimant is able to work, because Dr. McCord was claimant's treating physician and a board-certified orthopedist, and because his opinions were "consistent with his treatment records and . . . supported by other objective evidence of record which fails to show any recurrent spinal problems on numerous radiological reports."[8] The ALJ's conclusion again was supported by substantial evidence. On June 2, 2005, claimant informed Dr. McCord that she felt she was capable of returning to work, at least with certain restrictions. She experienced no radiculopathy or myelopathy. Her range of motion was "fair to good," and her motor and sensory exams were "fully intact." Dr. McCord stated, "At this point, I feel the patient is stable and she is able to return to work. She will begin with one month of part time duty and limit her lifting to 10 pounds. We will slowly progress to full time if possible from there."[9] On September 15, 2005 — the same date Dr. McCord completed his first Medical Status Form saying plaintiff was able to work— he indicated that claimant's range of motion was "excellent," and she was able to heel-

---

[7]Tr. at 242.
[8]Tr. 26.
[9]Tr. at 216.

toe walk "with normal base and cadence."[10] On January 10, 2006, although claimant experienced some stiffness in her neck and lower back, she reported no radiculopathy or myelopathy. The range of motion in her neck and lower back was not full, but it was "functional and reasonable." Her motor skills, sensory exam, and gait all were normal.[11]

Dr. Hendrix, claimant's general practice physician, composed a letter on March 10, 2006, stating:

> Ms. Hambrick has chronic neck pain due to osteoarthritis and facet syndrome. Additionally she has cervical radiculitis. These cause pain in her neck, but also pain in the lower part of the back, and pain in both upper extremities. In 2004, she had cervical spine surgery, and she has been working hard to recover from that surgery. She has had a strong desire to return to work. Since I began seeing Ms. Hambrick in March 20-5, I've been inclined to think she would not be able to return to work. I think Ms. Hambrick has made a valiant attempt to at [sic] returning to work, but at this point she is simply unable too [sic]. It may be that at some point in the future she can return to work, but I think that is in the distant future at best.
>
> I believe that Eloise Hambrick is and will continue to be totally disabled for at least the next year.[12]

The ALJ assigned no weight to Dr. Hendrix's opinion, reasoning that, as a general practitioner, Dr. Hendrix was not as qualified as Dr. McCord to evaluate claimant's

---

[10]Tr. at 214.
[11]Tr. at 210.
[12]Tr. at 225.

6

orthopedic limitations. The ALJ also stated that "Dr. Hendrix's opinion provides no specific limitations or restrictions to support his opinion, and it appears he based his opinion of total disability on the fact the claimant was not able to do continue [sic] in her past relevant work."[13] These conclusions are supported by substantial evidence and in accordance with applicable law. *See Phillips, supra. See also* 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) (stating that a doctor's specialization is a factor to be considered in determining the weight to assign his opinion).

The ALJ also properly considered claimant's subjective complaints of pain. To demonstrate that pain or another subjective impairment renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The ALJ found that claimant's impairments could reasonably be expected to produce the pain of which she complains, but he nonetheless determined that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. *See* 20

---

[13] Tr. at 27.

C.F.R. §§ 404.1529(c)(1), 416.929(c)(1) ("When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must *then* evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work.") (emphasis supplied). The ALJ based his credibility determination on statements claimant had made to her medical providers, the inconsistency of her complaints with the medical evidence of record, her activities of daily living, and her history of working after some of her symptoms already had begun to develop. These conclusions were supported by substantial evidence of record and in accordance with applicable law. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

      Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

      DONE this 3rd day of March, 2008.

                                                     /s/ Lynwood Smith
                                               United States District Judge